PER CURIAM:
The claimant, Jean A. Sartoris, seeks an award of $30.14 from the respondent, Division of Highways, for damage to a tire on her vehicle. The damage occurred on May 14, 1996, at approximately 2:00 p.m., while the claimant was traveling on County Route 24 in Harrison County. During the drive, the claimant’s vehicle struck a hole int the pavement surface. According to the claimant, she could not see the hole because it was filled with water. As a result of the collision, a tire on the vehicle was damaged. The cost to replace the tire totaled $30.14.
William Wyckoff, an assistant maintenance supervisor for the respondent in Harrison County described County Route 24 as a secondary two lane road. According to Mr. Wyckoff the roadway was periodically repaired with cold mix patching material on several occasions between February 22, 1996, and March 11,1996. However, the respondent’s road maintenance records indicated that no work had been performed on the road from March 12, 1996, through May 14, 1996.
In order for the claimant to establish negligence on behalf of the respondent for damage caused by a road defect, the claimant must prove by a preponderance of the evidence that the respondent had either actual or constructive notice of the defect and a reasonable opportunity to take corrective action. Chapman vs. Dept. of Highways, 16 Ct. Cl. 103 (1986); Pritt vs. Div. of Highways, Unpublished opinion issued April 4, 1995, CC-94-26.
The evidence in this claim established that the respondent was aware of the recurring road defect which damaged the claimant’s tire, and it decided to temporarily repair the defect until permanent repairs could be performed. However the respondent apparently failed to monitor the effectiveness of the temporary repairs. Therefore, the Court believes that the claimant has established that the respondent was negligent.
Accordingly, the Court makes an award to the claimant in the amount of $30.14.
Award of $30.14.